ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21(A),[1] the Office of Disciplinary Counsel (“ODC”) has filed a motion for reciprocal discipline against respondent, William S. Montgomery, an attorney licensed to practice law in the States of Louisiana and Texas, based upon discipline imposed by the State Bar of Texas.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 1993, Dan Wise retained respondent for tax planning and family estate services. In June 1995, Mr. Wise entrusted his entire life savings of approximately $102,000 to respondent. Pursuant to an agreement between the parties, respondent was to invest these funds in certificates of deposit. However, respondent commingled and converted the funds to his own use. Moreover, respondent made false representations to Mr. Wise with respect to the whereabouts and security of the funds. Upon learning of respondent’s deception in 1999, Mr. Wise attempted to communicate with respondent concerning the matter, to no avail. In November 2000, Mr. Wise filed a complaint against respondent with the State Bar of Texas.
| ¡/Respondent failed to participate in the disciplinary proceedings, and following a hearing, he was found to be in default and *500 all facts alleged in the charging document were taken as true. Based on those facts, respondent was found to have violated the Texas Disciplinary Rules of Professional Conduct, and it was ordered that he be disbarred from the practice of law in the State of Texas. The disbarment judgment further ordered that respondent pay restitution to Mr. Wise in the amount of $101,983.33, plus interest, and pay attorney’s fees to the Chief Disciplinary Counsel of the State Bar of Texas in the amount of $2,400. Commission for Lawyer Discipline v. Montgomery, Docket Number H0110024570 before the Evidentiary Panel for State Bar District No. 4E14, State Bar of Texas.
By order of this court dated August 11, 2003, respondent was given thirty days pursuant to Supreme Court Rule XIX, § 21(D)[2] to show why the imposition of discipline in this state would be unwarranted. Respondent failed to file any response in this court.
I ¿DISCUSSION
The imposition of reciprocal discipline against respondent based upon the Texas judgment is clearly appropriate under the facts of this case. Respondent has failed to file any pleadings in this court demonstrating that the imposition of identical discipline in Louisiana would be unwarranted, and there is no suggestion of such upon the face of the record before us. Moreover, there is little doubt that respondent’s conduct would warrant discipline in Louisiana, given that it involves conversion of client funds and other dishonest and deceitful conduct.
Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that the name of William Spencer Montgomery, Louisiana Bar Roll number 9579, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked.

. Supreme Court Rule XIX, § 21(A) provides: Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.

. Supreme Court Rule XIX, § 21(D) provides: Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.